SECOND JUDICIAL DISTRICT COURT OF ESSEX COUNTY.

EDWARD HOPKINS, PLAINTIFF, v. JOHN PARSONS AND WILLIAM PARSONS, TRADING AS PARSON BROTHERS, DEFENDANTS.

Decided March 4, 1932.

For the plaintiff, *Nathan A. Rubin.*

For the defendant, *Richard Spitz* (*Otto E. Riemenschneider,* of counsel).

MINISI, J.  This matter came on to be heard before a referee who had heard and advised a disposition of the matter on the facts, but submitted to the court a question of law raised by counsel as follows:

"Mr. Riemenschneider: I want to move to strike out the complaint because the court has no jurisdiction in this action which is one "in tort," and the statute was made for cases "on contract."

An examination of the pleadings discloses that the original summons or notice is styled not "on contract," nor "in tort," but "action at law." The statement of claim, however, alleges that the plaintiff claims a judgment of fifty dollars ($50) from the defendant by reason of an automobile collision in which his automobile was damaged by the automobile of the defendant. There seems to be no doubt that, whether this is called an "action at law," or by any other term, it is actually a cause grounded "in tort." The question now before the court is whether or not the division of small claims has jurisdiction in actions *ex delictu.*

The small claims division in the District Court owes its existence to a statute. See *Exkman's District Court Prac-*

*lice* (*4th ed.*), § 35-c. or *Pamph. L.* 1926, *p.* 372, § 2. Section 2 of the act reads:

"Jurisdiction of small claims division of said District Court shall be co-extensive with the District Court as now constituted where the debt, balance, penalty, damage, or other matters in dispute do not exceed, exclusive of cost, the sum of fifty dollars. The said division also shall have jurisdiction of suits in replevin where the value of the article to be replevined shall not exceed the sum of fifty dollars, as shown by the affidavit of value; and the practice in replevin suits shall be the same as that now followed in the District Court. Supplement, *Pamph. L.* 1926, *p.* 372, § 2."

The case at bar does not involve a "debt," a "balance" not a "penalty," but it does involve "damage," and as the act gives jurisdiction to the division where there is "damage" not over the sum of fifty dollars ($50), it will be of interest to see what that word means in law. The word "damage" has been defined as:

"The loss or injury which results from an unlawful act, injury or deterioration caused by the negligence, design or accident of one person to another in respect to the latter's personal property. In a popular sense, the word frequently means depreciation in value, whether such depreciation is caused by a wrongful or lawful act; but in statutes or other legal instruments giving compensation for "damages" the word always refers to some actionable wrong—some loss, injury or harm which results from the unlawful act, omission or negligence of another." See 12 *Cyc.* 1193.

I am of the opinion that by the use of the word "damage" the legislature intended to give jurisdiction to the division of small claims in actions *ex delictu* or "in tort." If the word "damage" were not in itself broad enough to include suits of this kind, the legislature has further clinched the matter by the use of the words "or other matters in dispute."

The defendant's motion to dismiss the complaint for want of jurisdiction is therefore denied, and judgment will enter on the referee's report in favor of the plaintiff and against the defendant in the sum of $35 damages and costs.